**SIGNED this 23rd day of October, 2014**

           /s/ Shelley D. Rucker
           Shelley D. Rucker
           UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

BUDDY LEON TORBETT,
SHEILA ANN TORBETT,

      Debtors.

Case No. 13-12314
Chapter 13

Appearances:

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

Kara L. West, Chattanooga, Tennessee, for the Chapter 13 Trustee

United States Bankruptcy Court
Judge Shelley D. Rucker

### MEMORANDUM

The Debtors filed a Supplemental Fee Request for Non-Routine Services on June 19, 2014 related to "non-routine" objections to two claims made by Quantum3 Group LLC as agent for CF Medical V LLC, and the Trustee filed a Reply to the Supplemental Fee Request

on the sole grounds that the requested fees substantially eliminated any benefit to the estate realized by the disallowance of those claims.

After hearing argument on September 11, 2014 pertaining to seven such fee applications made by Debtor's counsel, the court has addressed whether the requested amount of fees is appropriate under the Sixth Circuit's lodestar analysis and whether the Trustee's objection is valid in a Memorandum Opinion filed in *In re Alexander*, Case No. 1:13-bk-13462 [Doc. No. 62]. After reviewing the pleadings filed and the record in the instant case, the court concludes, for the reasons outlined in its opinion in *In re Alexander*, that the Trustee's Objection will be overruled and that a fee in the amount of $869.88 will be awarded.

In support of its ruling, the court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

    **I.    FACTS**

  A. DISCLOSURE OF COMPENSATION

The Debtors filed their Chapter 13 Petition on May 14, 2013. [Case No. 13-12314, Doc. 1]. Also on July 16, 2013, Mr. Banks filed a Disclosure of Compensation of Attorney For Debtor, which listed the following as a "routine" service included in Debtor's $3,000 base fee: "Preparation, filing and prosecution of objections to untimely filed claims and objections to duplicate claims." [Doc. 5, at p. 1]. The Disclosure excepted certain services for which additional fees could be charged. [Doc. 5, at p. 2]. These services included "non-routine claim objections." *Id.* The Debtors' attorney contends his services were provided for "non-routine objections." No other contract executed pursuant to 11 U.S.C. § 528(a)(1) was offered as

evidence that indicated the Debtors and their attorney had any different agreement as to what services would be provided for the base fee. The court awarded the fee of $3,000 in the confirmation order entered on June 24, 2013. [Doc. 28].

  B. OBJECTIONS

    1. <u>Objection to Claim #9</u>: *Quantum3 Group LLC*

On May 30, 2013, Quantum3 Group LLC as agent for CF Medical V LLC ("Quantum") filed claim no. 9 for $72.42 on the basis of "Medical Debt." [Doc. 9-1]. The proof of claim indicates that the debt may have originated at "Athens Regional Medical Center," and the most recent transaction date under "Account Information" was October 31, 2007. *Id.*

On August 30, 2013, Debtors objected on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Doc. 35]. The claim was, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). The creditor did not respond. An Order disallowing the claim entered on October 3, 2013.

    2. <u>Objection to Claims #10, 12, & 13</u>: *Quantum 3 Group LLC*

The remaining disallowed claims by Quantum are identical in the dates of the procedural history, the basis for the claims, and the grounds for the objections. The only differences are the amount of the claims – $75.00 (No. 10), $127.05 (No. 12), and $259.93 (No. 13) – and the charge off date for claim no. 10, which was May 31, 2008. [Docs. 10-1, 12-1, 13-1]. The Debtor seeks $832.50 in fees and $37.38 in expenses for objections to the four claims.

  C. DEBTORS' SUPPLEMENTAL FEE APPLICATION

Debtor requests a total of $869.88 in attorney fees and expenses for 6.3 hours of legal

work performed over a period of approximately four months from June to October of 2013.. [Doc. 54, Ex. A]. Debtor's attorney and a paralegal spent one hour and three-tenths (1.3) reviewing claims; two hours and three-tenths (2.3) filing objections; one hour and two-tenths (1.2) preparing for and attending a hearing on all four claims; five-tenths of an hour (.5) reviewing received Orders; and one hour preparing the time sheets and for the additional fee application. *Id.* Debtor's attorney charged $300 per hour for one hour and six-tenths (1.6) of work, and his paralegal charged $75 per hour for four hours and seven-tenths (4.7) of work. *Id.*

Debtors assert that the amount of fees and expenses requested, if allowed, will not diminish the 70% dividend to unsecured creditors proposed in the plan. *Id.*

## II.    ANALYSIS

In the *Alexander* opinion, the court analyzed the nature of the claims at issue, the amount of time necessary to object to such claims, potential benefits to the estate, changes to the law that have made those objections routine, and the reasonableness of Debtor's counsel's hourly rate. In keeping with that analysis for the case at bar, the court finds that the fees and expenses represent a reasonable number of hours billed at a reasonable hourly rate for services that were necessary and beneficial, if only marginally.  The services were performed primarily at a time prior to the Chapter 13 Trustee assuming the review and objections to stale claims.  For the reasons stated in *In re Alexander,* the court will grant the Debtor's application.

A separate order will enter.

# # #